VERONICA KINSCH et al., Plaintiffs, *v.* A. FLOHR REALTY CORP. et al., Defendants.

Supreme Court, Special Term, Bronx County, April 22, 1948.

*Emanuel Schwartz* for defendants.

*Louis Sills* for plaintiffs.

EDER, J. Motion to dismiss complaint on the ground that it does not set forth facts sufficient to constitute a cause of action. The cause of action is predicated on subdivision (d) of section 8 of the emergency Commercial Rent Law (L. 1945, ch. 3, as amd.).

This enactment declares that a tenant may not be removed unless: " (d) The landlord owned or acquired an enforceable right to buy or take possession of the building or other rental area on or before January twenty-fourth, nineteen hundred forty-five and seeks in good faith to recover possession of the commercial space for his immediate and personal use; or possession is sought by a person who acquires title to the building or other rental area subsequent to January twenty-fourth, nineteen hundred forty-five, and who likewise seeks in good faith to recover possession of the commercial space for his immediate and personal use * * *. If such landlord or such person shall fail, after thirty days subsequent to dispossessing a tenant under the provisions of this subdivision, to occupy such space and actively to conduct such business therein, or if such landlord or such person shall lease or rent such space to or permit occupancy thereof by a third person within a period of one year after such disposesssion, he shall be liable to the tenant for all damages sustained on account of such removal.''

The theory upon which plaintiffs proceed is that they have a claim for damages resulting from being induced to vacate commercial space thereafter rented to another.

The complaint alleges that on or about August 27, 1946, and prior thereto, defendant A. Flohr Realty Corp. owned the building and premises in question; that on or about August 27, 1946, and prior thereto, plaintiffs, as tenants of said defendant, occupied the first floor loft of said premises and conducted their business and maintained their knitting plant, machinery and equipment therein. It also alleges that on or about said August 27,

1946, and prior and subsequent thereto, the defendant A. Flohr Co., Inc., occupied and conducted its business as wholesaler of paints and oils on the ground or street floor of said premises.

There is the further allegation that the corporate defendants and the defendant Flohr, pursuant to a plan and purpose to obtain from the plaintiffs possession of its said loft, represented and stated to plaintiffs that said A. Flohr Realty Corp., owning an enforcible right to take possession of said loft, sought in good faith to recover possession of said loft for said landlord's immediate and personal use, and in pursuance of said plan and purpose, the defendants caused written notice to be issued and served upon the plaintiffs, terminating plaintiffs' tenancy as of September 30, 1946, requiring plaintiffs forthwith to remove from said premises and notifying them that on their failure so to remove, summary proceedings would be instituted to remove them therefrom.

It is further alleged that while plaintiffs were still in said premises the defendants on or about November 25, 1946, caused the building and premises containing said loft, to be conveyed by the defendant A. Flohr Realty Corp. to the defendant Abraham Flohr, individually, and that thereupon and on or about November 26, 1946, the corporate defendants and Flohr, in pursuit of their said plan and purpose to obtain possession of said loft, represented and stated, to plaintiffs that said defendant Flohr individually, owning an enforcible right to take possession of said loft then sought in good faith to recover possession of said loft for his immediate and personal use, and in furtherance of said plan and purpose the defendants caused written notice to be issued and served upon plaintiffs terminating plaintiffs' tenancy in said loft as of December 31, 1946, requiring plaintiffs forthwith to remove from said premises, and notifying them that on their failure so to remove summary proceedings would be instituted to remove them therefrom.

There is the further allegation that all such statements, representations, notices and notifications were made and served by the defendants with intent and knowledge that plaintiffs should rely thereon, believing same to be true, made and served in good faith and made in accordance with the statute governing them, and that plaintiffs did rely thereon, and on or about December 24, 1946, in obedience thereto, in compliance therewith, and at great expense, disruption and loss of business and inconvenience to themselves, did remove their plant, fixtures and belongings from said loft.

It is then alleged that said statements, representations, notices and notifications of the defendants were false and fraudulent and known by defendants to be so, were not made in good faith but contrary to the statute in such case made and provided; that the conveyance by said A. Flohr Realty Corp. was likewise false and fraudulent, and without consideration and solely for the purpose of lending color to the pretext of defendant Flohr that he was entitled to demand possession of said loft for his own immediate and personal use.

There follows the allegations that said defendants failed, after thirty days subsequent to said dispossession and removal by plaintiffs, to occupy said loft and to actively conduct the business they proposed to carry on therein, and that within a period of one year after such dispossession and removal by plaintiffs the defendants have offered said loft to a third person or persons and have leased and rented the same to and permitted occupancy thereof by such third person or persons within said period.

There follows an allegation of damages in the sum of $12,000 sustained by the plaintiffs, for which judgment is demanded.

The plaintiffs have served a bill of particulars and the motion to dismiss is predicated on the complaint and bill of particulars.

Defendants argue that a cause of action under subdivision (d) of section 8 will lie only against the *landlord* or a *purchaser*; attention is directed to the language of subdivision (d) of section 8 — " The *landlord* owned or acquired an enforceable right to buy or take possession " on or before January 24, 1945, *or* possession is sought " by a *person* who acquires title \* \* \* subsequent " to January 24, 1945, and to the language — " If such *landlord* or *such person* " fails to occupy such space and actively to conduct such business therein, " *he* " shall be liable to the tenant for all damages sustained on account of such removal. (Italics supplied.)

In view of this language I am of opinion that the cause of action created by this section lies only against a *landlord* whose interest antedates January 24, 1945, or a *person* who *acquires title* subsequent to that date.

The complaint fails to state a cause of action against the defendant A. Flohr Co., Inc. The only specific allegation with reference to this defendant is paragraph " 5 " of the complaint; it alleges merely that said defendant " occupied and conducted its business as wholesaler of paints and oils on the ground or street floor of said premises."

There is no allegation that it was the landlord of the premises or the purchaser thereof; that it ever made demand for the premises or that it ever claimed it was entitled to the premises or would remove plaintiffs therefrom. Said defendant is not shown, therefore, to be the " landlord or such person " against whom a cause of action is created by subdivision (d) of section 8, and the complaint fails to state a cause of action against it.

As to the defendant A. Flohr Realty Corp., I am of opinion that a cause of action is set forth against it.

The complaint alleges that demand to vacate the premises was made by it on or about August 27, 1946, *at a time when it was the owner and landlord* of the premises, terminating plaintiffs' tenancy as of September 30, 1946, and requiring plaintiffs to remove from the premises. It is alleged in paragraph " 17 " that as a result plaintiffs were obliged to and did hire other premises commencing November 15, 1946, and the bill of particulars alleges that plaintiffs, on or about October 21, 1946, leased other premises from Lyon Properties, Inc., for a term of three years, a copy of the lease being annexed to the bill of particulars.

These allegations, coupled with the other relevant allegations set forth in the complaint, so far as this defendant is concerned, in my opinion, set forth a cause of action against it, within the purview of subdivision (d) of section 8.

Defendant argues that the demand for possession which it served on August 27, 1946, was rendered ineffectual by reason of the fact that it conveyed the premises to Abraham Flohr. I fail to see the significance of this. The demand required plaintiffs to vacate on or before September 30, 1946, and in pursuance thereof the plaintiffs hired other space. This was before the date of conveyance to Abraham Flohr.

The fact that plaintiffs did not vacate the loft until some time after September 30, 1946, does not, as I view it, alter the situation. It is the act of this defendant and reliance thereon by plaintiffs that caused plaintiffs to lease other space. By that demand this defendant accomplished the result it desired, and sought to induce, and in my opinion it is immaterial that it later conveyed the premises.

I am of the opinion that the plaintiffs have a right of action against this defendant under the ruling in *Sno-White, Inc.,* v. *Gerald Operating Corp.* (271 App. Div. 314).

As to the cause of action against defendant Abraham Flohr (now deceased, administratrix named as defendant), I am of opinion no cause of action is set forth.

Abraham Flohr acquired title to the premises on or about November 25, 1946; his demand for possession was served on or about November 26, 1946; while the allegation is that in obedience thereto and in compliance therewith plaintiffs removed from the loft on or about December 24, 1946, and entered into the afore-mentioned lease, it is apparent this is not so, and could not be so, for the bill of particulars discloses that the plaintiffs had already, on October 21, 1946, leased other premises, a month prior to the date when said Abraham Flohr acquired title to the property. Hence, I see no cause of action alleged against said defendant.

The motion is granted and the complaint dismissed as to the defendants A. Flohr Co., Inc., and Esther Flohr as administratrix of the goods, chattels and credits of Abraham Flohr, deceased, and denied as to the defendant A. Flohr Realty Corp. Settle order.