Moe Rosner et al., Copartners Doing Business under the Name of Rainbow Greeting Card Co., Plaintiffs, *v.* Textile Binding & Trimming Co., Inc., Defendant.

Supreme Court, Special Term, New York County, November 15, 1948.

*Wasserman & Erenstoft* for defendant.

*Meyer Schiff* for plaintiffs.

Pecora, J. Defendant moves for judgment on the pleadings dismissing the complaint, pursuant to rule 112 of the Rules of Civil Practice. The action is by tenants of commercial space, to recover damages under the emergency Commercial Rent Law, based on the landlord's leasing premises to a third person after the tenants vacated therefrom. In the first cause of action the tenant seeks damages under the emergency rent law and in the second cause upon fraud and deceit. Both causes are predicated upon the allegation that the landlord had notified the tenant, both verbally and in writing, before the expiration of the lease on January 31, 1948, that the landlord sought possession of the plaintiffs' premises at the termination of their lease

for its immediate and personal use, and threatened to evict the tenants if they failed to move.

Relying upon said statements, and believing that if they were set forth in a petition and precept they would be sufficient to obtain plaintiffs' ouster, plaintiffs surrendered possession on February 4, 1948.

The question directly presented is whether a tenant under such circumstances has a cause of action under subdivision (d) of section 8 of the emergency Commercial Rent Law (L. 1945, chs. 3, 315, as amd.). Under that statute (§ 8), a tenant of any business space, who continues to pay rent, may not be removed " by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise ". In *Sno-Wite, Inc.*, v. *Gerald Operating Corp.* (271 App. Div. 314, 318, affd. 297 N. Y. 1007), it was held that the service of a precept and petition gave " the tenant the option to treat the landlord's action as an eviction with all the effects of a technical dispossession."

In *RCR Publication Printers Corp.* v. *Tuxedo Land & Improvement Co.* (76 N. Y. S. 2d 581) Justice HECHT said: " In the instant case it is charged that the defendants induced plaintiff to vacate the premises by fraud. If the statute is broad enough to include exclusion by physical force, it would seem to be broad enough to include exclusion by false representations."

So, too, in *Vernat, Inc.*, v. *Schock* (N. Y. L. J., Oct. 15, 1947, p. 866, col. 6, BOTEIN, J.) it was held that " the act applied to a voluntary removal based upon fraudulent threats as well as to dispossession by formal proceeding ". And the court there cited the *RCR Publication* case (*supra*).

To the same effect see *Kinsch* v. *Flohr Realty Corp.* (191 Misc. 787).

In *Joanette Juniors, Inc.*, v. *Board of Home Missions* (N. Y. L. J., Feb. 16, 1948, p. 584, col. 5) Justice STEUER said: " It has been determined that the statute does not require an actual dispossess. If the relationship of landlord and tenant is terminated by voluntary action following the service of a precept the statutory requirements are met [citing the *Sno-Wite* case, *supra*]. It has also been held that a tenant who has been induced by fraud to vacate is in the same position as one who has been physically ejected." (Citing the *RCR Publication* and the *Vernat, Inc.*, cases, *supra*.) Defendant's motion for summary judgment in that case was denied. The Appellate Division (273 App. Div. 999) unanimously reversed and granted

defendant's motion for summary judgment. No opinion was written.

While no opinion was written in the *Joanette Juniors* case (*supra*) by the Appellate Division, it appears that the facts there parallel those alleged in the complaint here. And, while before the rendition of the decision by the Appellate Division, this court would have been inclined to have agreed with the Special Term decisions upon which Justice STEUER relied, the reversal by the Appellate Division compels the conclusion that the statute under which plaintiffs sue cannot be interpreted to cover cases of alleged fraudulent representations or notices other than service of a precept and petition. Although there are some features in the *Joanette Juniors* case which this court could seize upon to distinguish it from the instant suit, the fact is that the court at Special Term there relied upon the Special Term decisions hereinabove cited. The reversal must therefore be taken to have overruled those decisions.

Before the enactment of the emergency rent laws, a landlord could oust a tenant as a holdover upon the expiration of a lease. Now a landlord may only do so where, among other situations, the landlord requires the premises in good faith for his own immediate use. A tenant may compel the landlord to prove his good faith and necessity in court. Where under compulsion of court process a tenant is evicted, or where the tenant is excluded from possession, the tenant may obtain damages if the landlord does not use the property as he pretended he required it.

The statute under consideration had the healthy purpose of preventing the ouster of a tenant by the false pretext that the landlord required the premises in good faith for his immediate use and possession. But the Legislature set forth the acts which signified the landlord's intention, which would create a cause of action in the tenant's favor if subsequent events demonstrated the landlord's bad faith. These acts were an " action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise ". The words " or otherwise " must be construed to include procedures similar to those mentioned immediately preceding those words. The possibility of many suits by tenants who voluntarily vacated premises when landlords thereafter leased them to third persons may have impelled the Legislature to require the unequivocal acts specifically mentioned in the statute before a cause of action could arise in favor of a tenant who had vacated.

The Appellate Division in the *Sno-Wite* case (*supra*) said that the service of a precept and petition is tantamount to the obtaining of a final order of eviction. Obviously no such ruling would have been necessary if any notice by the landlord would have sufficed to ground a cause of action for damages in favor of the tenant. It would merely have been held that the service of the precept was notice of the landlord's desire to obtain possession of the premises for his own immediate use. Then if such notice were fraudulently conceived a cause of action for damages would ensue. The fact that the Appellate Division (p. 318) found it necessary to liken the service of the precept to an eviction " with all the effects of a technical dispossession " was a recognition that certain minimal requirements must appear before the landlord may subject himself to liability if he obtains a removal of the tenant.

While logically a tenant who acts pursuant to a written notice and does not wish to risk an adjudication by a summary proceeding before vacating, is in the same position as a tenant who removes after service of a precept and petition, and while from absolute standards the culpability of a landlord who acts fraudulently is equal in both instances, the court is not in a position to decide the case upon common-law principles but must construe the statute as it is written. The statute has particularized the instances for removal of a tenant, and has given a cause of action for damages, if the landlord " shall fail, after thirty days subsequent to dispossessing a tenant under the provisions of this subdivision, to occupy such space and actively to conduct such business therein, or if the landlord * * * shall lease or rent such space to or permit occupancy thereof by a third person within a period of one year after such dispossession ". This particularization prevents the court from extending the application of the statute to other instances by implication. This would not be construing the statute, but enlarging it. In *Anderson* v. *Wilson* (289 U. S. 20, 27) CARDOZO, J., said: " We do not pause to consider whether a statute differently * * * framed would yield results more consonant with fairness and reason. We take the statute as we find it.".

Had the Legislature wanted to make a landlord liable in every instance where a tenant moved on the representations of a landlord that he needed the premises for himself, it could easily have said so. The fact that it used restrictive language demonstrates a purpose to mark a boundary line between those acts that create liability and all other acts that do not. Further

extension of the field to other instances is solely within the province of the Legislature.

The motion is, therefore, granted and the complaint dismissed upon the authority of *Joanette Juniors, Inc., v. Board of Home Missions* (273 App. Div. 999 [1st Dept., May 17, 1948]).